594 P.2d 154

The STATE of Idaho,
Plaintiff-Respondent,

v.

Lloyd Chadwick COBB,
Defendant-Appellant.

No. 12601.

Supreme Court of Idaho.

May 2, 1979.

---

William J. Tway, of Tway & Tway, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Steven M. Parry, Deputy Attys. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal by the defendant, Lloyd C. Cobb, from a summary dismissal of an application for post-conviction relief under I.C. § 19–4901, *et seq.*, the Uniform Post-Conviction Procedure Act.

On October 1, 1975, the defendant-appellant Lloyd Cobb shot and killed his estranged wife at the office of the President of Idaho State University, where his wife was employed. He was arrested and charged with first degree murder. Thereafter, Cobb entered a guilty plea to the offense of second degree murder and was sentenced to a life term of imprisonment.

On January 20, 1977, Cobb filed an application for post-conviction relief. The district court denied the defendant relief without an evidentiary hearing. We have examined the allegations of defendant and find they are all without merit, with the exception of the defendant's allegation in his supporting affidavit that he was under the influence of prescribed drugs which affected his ability to make a knowing guilty plea.

Following the filing of defendant's application for post-conviction relief, the prosecutor petitioned for an extension of time, for the purpose of having the relevant proceedings transcribed, and for the purpose of determining whether Cobb was in fact taking medication through a private physician at the time of the plea and sentencing. The district court granted a twenty day extension. However, the prosecutor failed to present any affidavits relating to the defendant's allegation that he was under the influence of prescribed drugs at the time of his plea, with the exception of the affidavit of Vern Herzog, Jr., defendant's attorney through the time of sentencing. That affidavit simply stated Herzog's conclusory statement that "the defendant was not under the influence of drugs or alcohol *sufficient* to impair his ability to understand the nature and extent of the crime and the possible punishment to be imposed by the court." (Emphasis added.)

We find the district court erred by summarily dismissing the defendant's application for post-conviction relief without granting an evidentiary hearing. There exists a material issue of fact as to whether the defendant was under the influence of prescribed drugs which affected his ability to make a knowing, voluntary and intelligent guilty plea. The defendant is entitled to an evidentiary hearing on this issue. I.C. § 19–4906(b); *State v. Stevens*, 98 Idaho 131, 559 P.2d 310 (1977); *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). Hence, we remand the cause to the district court for further proceedings in accordance with the following instructions. The trial judge is directed to hold an evidentiary hearing for the purpose of determining whether the defendant was under the influence of prescribed drugs which prevented the defendant from making a voluntary, knowing, and intelligent guilty plea. In the event the trial court, following such hearing, finds that the defendant did not make his guilty plea knowingly, voluntarily, and intelligently as a result of the influence of drugs, the court shall vacate the judgment of conviction and the sentence imposed and allow the defendant to plea anew.

Reversed and remanded for further proceedings.