670 P.2d 912

STATE of Idaho, Plaintiff-Respondent,

v.

**Rodney Allen WEST, Defendant-Appellant.**

No. 14801.

Court of Appeals of Idaho.

Oct. 4, 1983.

Rodney Allen West, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

McFADDEN, Judge, Pro Tem.

Appellant West was charged with the criminal offense of grand larceny, I.C. § 18–4604. He entered a plea of guilty to this offense in the District Court for Clearwater County on August 1, 1979. No appeal was brought challenging the validity of the plea. A final judgment of conviction was entered and filed on December 18, 1980, which

> "ORDERED, ADJUDGED AND DECREED that the defendant, Rodney Allen West, is guilty of the crime of Grand Larceny, a felony under the law of the State of Idaho.
>
> "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant is sentenced to the custody of the Idaho State Board of Corrections and placed on probation to the Department of Parole and Probation for the period of fourteen (14) years."

In August 1981, West was charged with having violated the conditions of his probation. The asserted violations included two traffic violations, criminal charges of burglary and possession of stolen property, and being in Idaho without permission from the Department of Parole and Probation (apparently he was to serve his probation in Montana). Prior to his appearance on the probation violation in Clearwater County, he was convicted of burglary and sentenced in Idaho County to the penitentiary. At the probation hearing he admitted the pro-

bation violations. The Clearwater County District Court revoked his probation and entered a final judgment of conviction filed on October 27, 1981, which

> "ORDERED, ADJUDGED AND DECREED that the defendant is sentenced to the maximum indeterminate period of fourteen (14) years in the custody of the Idaho State Board of Corrections. Said sentence to be run consecutively with Idaho County Case Number 17635 [the above mentioned burglary case]."

No appeal was brought from this judgment.

In August 1982, West moved the court under I.C.R. 35 to correct his sentence. He asserted that the court had no authority to order the fourteen-year sentence to run consecutively to the sentence imposed in Idaho County. The district court denied West's motion and this appeal followed. We reverse the denial of the motion and remand the cause.

The issue on appeal is whether the Clearwater County District Court, upon revoking West's probation had the power to order the sentence originally imposed to be served consecutively to a later sentence imposed for a crime which occurred during the probationary period.

Relying upon *State v. Lawrence*, 98 Idaho 399, 565 P.2d 989 (1977) (construing I.C. § 18–308), the State contends that the district court had the authority after revocation of probation to make the original fourteen-year term imposed run consecutively to the sentence imposed for conviction of a crime occurring during the probationary period. We disagree.

In *State v. Lawrence, supra,* the defendant pled guilty to forgery in the Canyon County District Court. The plea was accepted, but judgment was withheld and no sentence was imposed. Later in the Bannock County District Court, the defendant pled guilty to rape. That court accepted the plea, entered judgment and sentenced the defendant to the penitentiary. Thereafter, the defendant again appeared before

the Canyon County District Court on the earlier forgery charge and was adjudged guilty and sentenced to the penitentiary, the sentence to run *consecutively* to the sentence for rape. The Supreme Court held that the consecutive sentence under the circumstances was permissible. Unlike *Lawrence* where judgment had been withheld, here judgment was entered and its execution was suspended.[1]

In *State v. Pedraza,* 101 Idaho 440, 614 P.2d 980 (1980), a probation revocation case, our Supreme Court stated:

"We are asked to decide whether a trial court may increase a previously imposed but suspended sentence upon a finding that the defendant violated the conditions of his probation. We conclude the statutory sentencing scheme precludes a district court from imposing a greater sentence in such circumstances." *Id.* at 441, 614 P.2d at 981.

In *Pedraza* the Court construed I.C. §§ 19–2603 and 20–222 and stated:

"We conclude that when a trial court has initially sentenced a criminal defendant to a definite term of imprisonment, but has suspended the sentence and granted probation, it may not later upon revocation of probation set aside that sentence and increase the term of imprisonment." *Id.* at 443, 614 P.2d at 983.

In *State v. Johnson,* 101 Idaho 581, 585, 618 P.2d 759, 763 (1980), our Supreme Court

held that where a defendant had not been placed in the custody of the Board of Correction under the original sentence, the district court had jurisdiction to withdraw its sentence and impose a new one. In our view, there may be an inconsistency between *Johnson* and *Pedraza,* which has been brought into focus by the instant case. However, because *Johnson* did not overrule *Pedraza,* both of those decisions remain authoritative; and we must choose which one to apply. This case appears more readily distinguishable from *Johnson* than from *Pedraza.* Here, unlike *Johnson,* West actually had commenced his probation to the Board of Correction. The district court could no longer withdraw its original sentence, because its power was constrained by *Pedraza.* Following *Pedraza,* we hold that portion of the Clearwater County District Court order which directs that the sentence run consecutively to be invalid. The sentence can only run concurrently with the sentence imposed in Idaho County.[2]

■ Additionally, West argues that he is entitled to credit against his sentence for time he claims to have served while in the custody of Montana authorities on yet another charge. Under Idaho law, a defendant is entitled to credit for incarceration served prior to entry of judgment "if such incarceration was for the offense or an included offense for which the judgment was entered." I.C. § 18–309. However, noth-

---

1. The transcript of the sentencing hearing reveals the following statements by the court:

"The alternative course of action that I have is I would sentence you to 14 years in the State Penitentiary and put you on probation immediately and then put you on a 14-year probation.

" . . . .

"The sentence I'll pass is 14 years. I'll put you on probation for that entire 14-year sentence."

The transcript of the probation revocation hearing reveals the following statements by the court:

"The sentence I initially imposed last time [December 1980] was a 14-year sentence to the penitentiary."

and

"*I'm going to cancel the suspension and execute the full 14-year sentence.* Since this involves an entirely separate incident than the one in Grangeville [Idaho County], I think it should be served consecutively with that sentence, I don't think it should be served concurrently." [Emphasis added.]

2. "Revocation of a suspension of sentence or probation is not a new judgment, but merely a withdrawal of the leniency extended, and does not violate any statutory or constitutional rights of accused. It can have no more effect than the original judgment itself, and does not affect the validity or finality of the original judgment or sentence, which remains for execution as though it had never been suspended." [Footnotes omitted.] 24 C.J.S. *Criminal Law* § 1618(11)(a), at 904 (1961).

ing in the record before us reflects incarceration in Idaho or Montana prior to entry of judgment for the offense or for an included offense upon which this appeal is based. West has failed to demonstrate that I.C. § 18–309 applies.

The order of the district court denying West's motion is reversed, and the cause is remanded for correction of sentence consistent with this opinion.

WALTERS, C.J., and BURNETT, J., concur.