690 P.2d 364

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Ronald J. EVANS, Defendant-Appellant.**

No. 13909.

Court of Appeals of Idaho.

Oct. 25, 1984.

William P. Combo, Just, Combo & Daw, Ronald M. Hart, Idaho Falls, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., Warren Felton, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Upon a plea of guilty, Ronald J. Evans was convicted of robbery. He received an indeterminate sentence of fifteen years plus a consecutive, five-year term for the use of a firearm while committing the crime. The judgment of conviction recited that the consecutive term was imposed "as [a] mandatory sentence according to Idaho Code 1925-20A" (apparently referring to I.C. § 19-2520A). For reasons explained below we modify the sentence.

Evans' appeal initially raised issues pertaining both to his guilty plea and to his sentence. Subsequently, for reasons not germane to this opinion, he moved to dismiss the appeal. This motion effectively withdrew the issues originally presented. Therefore, we need not, and will not, discuss them.

■ However, our attention has been drawn to a defect in the sentence which should be corrected following the issuance of our remittitur. That defect relates to the consecutive term imposed for use of the firearm. The robbery to which Evans pled guilty occurred on May 1, 1979. Idaho Code § 19-2520A did not become effective until July 1, 1979. The district court acted beyond its authority by purporting to apply the statute retroactively. *See State v. Lindquist,* 101 Idaho 688, 619 P.2d 1141 (1980).

■ The question, then, is whether the consecutive term was authorized by any other statute. We note that both I.C. § 19-2520A and an earlier statute, I.C. § 19-2520, provide for increased punishment of an offender who uses or threatens to use a firearm while committing certain felonies. The distinction between the statutes is that I.C. § 19-2520A—which applies only if the offender has been convicted of a prior felony—mandates an additional sentence, three years of which must be served without parole. In contrast, I.C. § 19-2520 applies more broadly. It does not require a prior felony conviction, but neither does it impose a restriction upon parole. These statutes plainly overlap. However, I.C. § 19-2520A contains a reconciling clause. It provides that the additional penalty under section 19-2520A is "substituted for" the penalty under section 19-2520 when both statutes apply. It logically follows that section 19-2520 may be applied where,

as in this case, section 19–2520A is deemed to be inapplicable.

Evans pled guilty to a robbery in which use of a firearm was threatened. Before the plea, Evans was informed that an additional term of not less than three nor more than fifteen years would be added to any robbery sentence. The district court judge explained that the additional term would be served consecutively and Evans stated that he understood this explanation. We conclude that the additional sentence may be upheld upon the authority conferred by I.C. § 19–2520. The district court is directed to modify the judgment of conviction by specifying the proper statute. The judgment, as so modified, is affirmed.