704 P.2d 343

**STATE of Idaho, Plaintiff-Respondent,**

v.

**John Douglas MERRIFIELD, Defendant-Appellant.**

No. 14849.

Court of Appeals of Idaho.

June 3, 1985.

Petition for Review Denied Aug. 27, 1985.

Charles B. Lempesis, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Patrick J. Kole, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

John Douglas Merrifield was found guilty by a jury of first degree murder, I.C. §§ 18–4001, –4003, in the shooting death of a hotel manager. He also pled guilty to an

additional offense, possession of a deadly weapon by an inmate of a jail, I.C. § 18–2511. Merrifield was sentenced to the custody of the state board of correction to serve a twenty-five year fixed term for the murder conviction. That sentence was enhanced pursuant to I.C. § 19–2520 by a fixed ten-year term, running consecutively, for use of a firearm in the commission of the homicide. Merrifield also received a fixed five-year sentence on the conviction for possession of a weapon by an inmate, to be served consecutively to the other sentences.

On appeal, Merrifield raises several issues, all relating to his trial on the homicide charge. First, he asserts that a deprivation of constitutional due process occurred when the prosecutor withheld from discovery certain exculpatory evidence. Second, he contends the Kootenai County Prosecutor's Office should have been disqualified from prosecuting the case. Third, he argues that the evidence at trial was insufficient to support a conviction of first degree murder. Fourth, Merrifield believes prosecutorial misconduct occurring before and during the trial mandates a dismissal or a mistrial. Finally, Merrifield insists that, due to pretrial publicity, the trial court erred by refusing to sequester the jury, to allow individual voir dire of the jury panel, or to grant a mistrial. We will discuss the facts only as they are relevant to each of the issues raised by Merrifield.

### I

Merrifield claims his constitutional right to due process was violated when the prosecutor failed to disclose the existence of a witness to certain events occurring on the night in question. The manager of the hotel where Merrifield was staying was killed. It is not disputed that he was shot by Merrifield. The shooting took place in the manager's apartment and the witness was asleep in a room above that apartment. Merrifield contends the witness's account of the sequence of shots fired supported Merrifield's claim of self defense. Merrifield's attorney was unaware, until during the trial, of the existence of the witness and of a police report of an interview with the witness. The attorney was able to locate the witness, and the witness did testify at Merrifield's trial. Nevertheless, Merrifield insists the prosecutor's failure to inform him of the existence of the witness and the police report entitles him to a new trial. We disagree.

Due process requires that the accused be informed of exculpatory evidence in the prosecutor's possession, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), but "the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial." *United States v. Agurs*, 427 U.S. 97, 108, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976). The accused has been denied a fair trial if the omitted evidence would create a reasonable doubt that did not otherwise exist.[1] *Id.* Where the evidence is disclosed before conviction, the disclosure may nevertheless be so late as to prevent the accused from receiving his constitutionally guaranteed fair trial. *State v. McCoy*, 100 Idaho 753, 605 P.2d 517 (1980). If the lateness of the disclosure so prejudiced the defendant's preparation or presentation of his defense that he did not receive a fair trial, the conviction must be reversed. *Id.*

In this case, the witness did testify at Merrifield's trial and Merrifield does not contend that any evidence that could have created a reasonable doubt in the juror's minds, through that witness, was omitted.

---

1. Merrifield does not argue the applicability of Idaho Criminal Rule 16. That rule requires the prosecuting attorney to disclose any information in his possession "which tends to negate the guilt of the accused as to the offense charged...." The prosecutor's duty under the due process clause and under Rule 16 appears to be coextensive. *See State v. McCoy*, 100 Idaho 753, 605 P.2d 517 (1980) (embezzlement conviction reversed because withheld information might have created a reasonable doubt in the minds of the jurors); *State v. Brown*, 98 Idaho 209, 560 P.2d 880 (1979) n. 2.

Nor did the late discovery of the witness prevent Merrifield from receiving a constitutionally guaranteed fair trial. The witness's recollection of the gunshots arguably supported Merrifield's defense, but the record indicates Merrifield's attorney fully explored at trial the witness's recollection of events. Merrifield does not explain how a greater opportunity to consult with the witness would have aided the preparation or presentation of his defense. Also, the existence of the witness had been disclosed to an attorney first representing Merrifield. Merrifield was at all times represented by the Kootenai County Public Defender's Office. In the approximately thirty-three months that elapsed between the original complaint and the trial, different attorneys held the position of Kootenai County Public Defender. Information regarding the witness was in Merrifield's early files, but his trial counsel was unaware of the witness's existence until during the trial. Willful suppression of evidence resulting in its omission at trial may justify the reversal of a conviction, *see Brady v. Maryland, supra,* but this is not such a case. We do not believe the events in this case were so fundamentally unfair as to result in a deprivation of Merrifield's right to due process.

## II

■ Merrifield next argues that the Kootenai County Prosecutor's Office should not have been the prosecuting agency, but that a special prosecutor should have been appointed. An investigator hired by the public defender's office assisted with the Merrifield investigation but, at the time of trial almost three years later, that investigator had become employed by the prosecutor's office. Merrifield does not maintain that he was actually prejudiced by the investigator's change in employment, rather he argues that the "appearance of impropriety" is so great as to justify ordering a new trial. We are not persuaded.

In *State v. Gibson,* 106 Idaho 54, 675 P.2d 33 (1983), a case involving an attorney employed first by the public defender's office and then by the prosecutor's office, our Supreme Court rejected the notion that the mere appearance of impropriety in such a case is sufficient to require reversal of a conviction. The Court held Gibson was not entitled to a new trial, because he failed to allege, much less show, any actual prejudice. In this case, the trial court denied Merrifield's motion for a special prosecutor because the judge believed information the investigator received while employed by the public defender was not privileged from disclosure under the attorney-client privilege and because the investigator had no contact with the case after being hired by the prosecutor's office. Merrifield does not allege any actual prejudice from the investigator's change in employment. We believe *Gibson* and the cases cited therein require Merrifield to allege and demonstrate actual prejudice in order to gain reversal of his conviction. Accordingly, we decline to grant a new trial based on an alleged appearance of impropriety.

## III

■ Merrifield insists the evidence at trial was insufficient to support a conviction of first degree murder. First degree murder includes a murder perpetrated by any kind of willful, deliberate and premeditated killing, and a murder committed in the perpetration of, or attempt to perpetrate, a robbery. I.C. § 18-4003. Specifically, Merrifield believed the evidence did not establish a willful, deliberate and premeditated killing or that the shooting occurred in connection with either an attempted or a successful robbery. We disagree.

Idaho appellate courts traditionally have held that a verdict of conviction will not be disturbed on appeal where the verdict is supported by substantial and competent, though conflicting, evidence. *See e.g. State v. Cypher,* 92 Idaho 159, 438 P.2d 904 (1968). However, the United States Supreme Court recently applied a less deferential standard of review to findings in a criminal appeal. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). There it was announced that a find-

ing of guilt would be upheld if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*, 443 U.S. at 319, 99 S.Ct. at 2789. The Idaho Supreme Court implicitly adopted this standard in *State v. Filson,* 101 Idaho 381, 613 P.2d 938 (1980). There the defendant's conviction was upheld because "there was substantial evidence from which a rational trier of the facts could have found beyond a reasonable doubt" the elements of the crime. 101 Idaho at, 386, 613 P.2d at 943. Thus, we will not disturb Merrifield's conviction if our search of the record convinces us, after viewing the evidence in a light most favorable to the prosecution, that the murder was willful, deliberate and premeditated, or that it was committed during an attempted or a successful robbery.

The state contends the first degree murder conviction was appropriate because the murder occurred during a robbery. Robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." I.C. § 18–6501. In this case, a witness testified that Merrifield expressed in a conversation occurring shortly before the shooting a desire to have the victim's revolver. The witness subsequently observed Merrifield approaching the manager's apartment door. Merrifield was carrying a loaded revolver of his own. When Merrifield was later apprehended, he was hiding under a travel trailer located some distance from the hotel. He had the manager's revolver in his possession. Viewing the evidence in a light most favorable to the prosecution, it is clear any rational trier of fact could have found the essential elements of the crime—here, that the murder occurred during a robbery—beyond a reasonable doubt. Thus, the verdict is sufficiently supported by the evidence. Accordingly, the district court did not err by denying Merrifield's request for an acquittal.

**IV**

We next consider Merrifield's argument regarding prosecutorial misconduct. Merrifield insists four instances of misconduct by the prosecutor resulted in the denial of his constitutional right to a fair trial. According to Merrifield, the prosecutor improperly failed to disclose the existence of the witness, previously discussed, sleeping in the room above the manager's apartment. Second, Merrifield contends misconduct occurred when the prosecutor failed to provide the addresses of three prosecution witnesses. The third and fourth allegations of misconduct concern the prosecutor's cross-examination of a defense witness and of Merrifield. The witness, a Ms. Steiner, testified on direct examination that the decedent had a bad reputation for peace and tranquility. After Ms. Steiner defined "tranquility" on cross-examination, the prosecutor asked her if she had been "well prepared" to testify. When the prosecutor cross-examined Merrifield, he asked Merrifield if Merrifield had possessed any weapons when he was searched at the jail. According to a pretrial order, evidence of Merrifield's possession of any weapon—other than the revolvers involved in the homicide—was not admissible at the trial. Merrifield contends these alleged instances of prosecutorial misconduct entitle him to a new trial. We disagree.

▉ Merrifield's attorney moved for a mistrial in both instances involving the prosecutor's cross-examination. When a mistrial motion is made and denied, we will uphold the denial unless "it appears from the record that the event triggering the mistrial motion contributed to the verdict, leaving the appellate court with a reasonable doubt that the jury would have reached the same result had the event not occurred." *State v. Palin,* 106 Idaho 70, 75, 675 P.2d 49, 54 (Ct.App.1983). Before Merrifield took the witness stand, other witnesses had already testified, without objection, that Merrifield carried a knife in his boot. We cannot say from our search of the record that evidence that Merrifield

possessed a knife when he was searched at the jail contributed to the verdict. Nor are we convinced that the prosecutor's questions to Ms. Steiner, although perhaps improper, constituted reversible error. We cannot say the questions contributed to the verdict. Thus, we have no doubt that the jury would have reached the same result had these events not occurred.

 Our review of the alleged misconduct resulting in delayed discovery of evidence is governed by the standard previously discussed. If the lateness of the disclosure prejudiced the defendant's preparation or presentation of his defense so as to deny the defendant a fair trial, the conviction must be reversed. Merrifield does not explain how the prosecutor's conduct prejudiced the presentation or preparation of his defense. The record indicates Merrifield's right to a fair trial was zealously protected by his attorney. The trial court also was diligent in seeing that Merrifield's rights were preserved. We conclude that the alleged prosecutorial conduct does not constitute reversible error, entitling Merrifield to a new trial.

V

The final issues raised by Merrifield concern the effect pretrial publicity had on his right to a fair trial. Before the trial began, Merrifield's attorney made several motions requesting that voir dire examination of prospective jurors be conducted outside the presence of other veniremen and that the jury be sequestered during the trial. During the jury selection process, Merrifield's attorney moved for a mistrial, believing that a recent newspaper article "had a substantial impact on contaminating the entire jury panel." Merrifield asserts the denial of his motion was error and that, because of adverse trial publicity, he is entitled to a new trial.

A

 The primary responsibility for voir dire and the selection of competent jurors rests upon the trial judge. *Quincy v. Joint School District No. 41,* 102 Idaho 764, 640 P.2d 304 (1982). I.R.C.P. 47(i) requires the trial judge to "supervise the voir dire examination of the jurors to ensure a speedy, fair and thorough examination of the jurors." Thus, the trial judge is given broad discretion in supervision of the jury selection process to ensure that a panel of competent jurors is selected. As with other matters discretionary with the trial judge, we will not grant relief from the judge's decision to deny secluded questioning of prospective jurors absent the demonstration of an abuse of discretion. An abuse of discretion would occur if failure to segregate the veniremen prejudiced the defendant by making the selection of a fair and impartial jury unlikely.

 Merrifield has not demonstrated he was prejudiced by the district court's denial of his request to seclude prospective jurors for questioning. Voir dire was a lengthy process in this case, but the record reveals no prospective juror answering questions provided by rote memorization. Nor has Merrifield demonstrated a specific instance of prejudice caused by questions asked, or answers given, in the presence of other prospective jurors. Because Merrifield has not demonstrated an abuse of discretion, we decline to reverse his conviction based on the trial court's decision to allow prospective jurors to remain in the courtroom during voir dire.

B

 Merrifield's motions for sequestration of the jury and for a mistrial were based on his belief that pretrial publicity made the selection of a fair and impartial jury impossible. We discuss these motions in tandem because of the common issue involved, i.e. the effect of publicity. If trial publicity was likely to prejudice the jury against Merrifield, the jury should have been sequestered; if publicity in fact prejudiced the jury, making a fair trial impossible, the trial judge should have declared a mistrial. The issue is whether each juror, despite the trial publicity, was able to render a fair and impartial verdict. Our Su-

preme Court has indicated the question is a factual determination for the trial judge that will not be disturbed on appeal unless it is clearly erroneous. *Quincy v. Joint School District No. 41, supra.* A finding that the jurors were able to render a fair and impartial verdict would be clearly erroneous if Merrifield demonstrated that the jurors had in fact been prejudiced by the trial publicity. Merrifield does not identify on appeal evidence of prejudice or bias in specific jurors created by news reports.

 One of the stories was published in the local newspaper and reported by a radio station after the first day of voir dire. The trial judge had instructed the jurors to refrain from discussing the case with anyone, but had not yet instructed them to avoid reported news stories. Merrifield's attorney requested, but was denied, an opportunity to question the jurors already passed for cause. Thus, arguably, it is possible some jurors were affected by the first news reports and that Merrifield could have demonstrated a prejudicial impact if given an opportunity. However, prejudice from trial publicity will not lightly be presumed on appeal. "[T]o presume prejudice, outrageous circumstances must be present showing the lack of solemnity and sobriety appropriate to judicial proceedings." *State v. Tison,* 129 Ariz. 546, 633 P.2d 355 (1981). Not present in this case is the sensational and bizarre trial publicity, creating a carnival atmosphere, that was condemned in *Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). Instead, the article in the evening newspaper was brief and, although not totally accurate, unimpassioned. The sensational and incessant reporting that gives rise to a presumption of prejudice simply is not present in this case. Nor has Merrifield demonstrated actual prejudice arising from trial publicity. "[I]t must appear that the prejudice against [the defendant] is of such magnitude as to prevent him from receiving a fair and impartial trial...." *State v. Cypher,* 92 Idaho 159, 166, 438 P.2d 904, 911 (1968). Accordingly, we hold the trial court did not err by denying Merrifield's motions to sequester the jury and for a mistrial.

## VI

 Finally, although not raised as an issue by either party on appeal, we conclude the sentence imposed on Merrifield for first degree murder was illegal. While we affirm the conviction, we cannot allow an illegal sentence to stand uncorrected. I.C. § 18-4004 requires, upon conviction for first degree murder, punishment of either death or a life sentence. The trial judge may not impose a lesser, fixed term sentence. *State v. Wilson,* 107 Idaho 506, 690 P.2d 1338 (1984). Thus, the twenty-five year fixed sentence Merrifield received is illegal. We therefore vacate that sentence and remand to the district court to impose a legal sentence. *See* I.C.R. 35. The trial judge may hear additional evidence regarding Merrifield's conduct since his conviction in order to impose a proper sentence considering all the alternatives. *See State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982).

In summary, the judgments of conviction of first degree murder and of possessing a deadly weapon are affirmed in regard to adjudication of Merrifield's guilt. However, that part of the judgment which imposes the sentence for first degree murder—enhanced for the use of a firearm in the homicide—is vacated and the case is remanded for resentencing in conformance with this opinion.

SWANSTROM, J., concurs.

BURNETT, J., concurs except as to part V, in which he concurs in the result only.