716 P.2d 1366

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Lawrence L. NELLSCH,
Defendant-Appellant.**

No. 16034.

Court of Appeals of Idaho.

March 31, 1986.

Charles B. Lempesis and Anthony M. Sanchez (Kootenai County Public Defender's Office), Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Lawrence Nellsch pled guilty and was convicted for first degree kidnapping, two robberies, possession of cocaine, and an infamous crime against nature. Nellsch received the following indeterminate sentences: twenty-five years for the kidnapping; concurrent fifteen-year terms for the robberies, to be served consecutive to the

kidnapping sentence; a five-year term for the infamous crime, to be served concurrent with the robbery sentences; and a three-year term for possession of cocaine, to be served consecutive to the robbery sentences. On appeal, Nellsch asserts that the sentences were excessive and represent an abuse of discretion by the district court. We hold that Nellsch received an illegal sentence on the kidnapping conviction. We therefore vacate Nellsch's sentence for that crime and remand for further proceedings.

Neither party has raised the issue of the illegal sentence for kidnapping, on this appeal. However, where we are asked on appeal to review a sentence imposed in a criminal case, and it appears that an illegal sentence has been imposed, we will *sua sponte* address the problem even though the legality of the sentence has not been made an issue on appeal. *State v. Merrifield,* 109 Idaho 11, 17, 704 P.2d 343, 349 (Ct.App.1985). If the illegality can be remedied by modification on appeal, we will do so. *See, e.g., State v. Evans,* 107 Idaho 429, 690 P.2d 364 (Ct.App.1984); *State v. Pierce,* 107 Idaho 96, 685 P.2d 837 (Ct.App. 1984). However, if the illegality cannot be remedied by modification of the sentence on appeal we have no choice but to vacate that sentence and remand the case for further proceedings. *State v. Merrifield, supra.* With those standards in mind, we will examine why Nellsch's sentence for kidnapping was illegal and why the sentence cannot be modified on appeal.

In *State v. Wilson,* 107 Idaho 506, 690 P.2d 1338 (1984), our Supreme Court addressed the imposition of a sentence for a specified term of years under the first degree murder statute, I.C. § 18–4004. Because that statute provided that "every person guilty of murder of the first degree shall be punished by death or by imprisonment for life," the Court held that a sentence for a term of years was not allowed. If the death penalty is not imposed, then only a life sentence—which may be either fixed or indeterminate—shall be imposed. 107 Idaho at 509, 690 P.2d at 1341. Like-wise, here, the first degree kidnapping statute, I.C. § 18–4504, provides that "[e]very person guilty of kidnapping in the first degree shall suffer death or be punished by imprisonment in the state prison for life...." Thus, Nellsch's sentence of twenty-five years does not meet the mandatory life imprisonment penalty prescribed by the kidnapping statute. *State v. Wilson, supra; State v. Merrifield, supra.*

Beyond our pronouncement that Nellsch must be sentenced to a life term for first degree kidnapping, we are not in a position to determine whether that sentence should be imposed as an indeterminate or fixed sentence. Such a determination is committed to the discretionary authority of the district court. I.C. § 19–2513A. Thus, Nellsch's sentence cannot be modified on appeal by selecting an indeterminate or fixed term in order to remedy the illegal twenty-five year sentence. We will therefore remand to the district court to impose a life sentence for first degree kidnapping, which sentence may be either indeterminate or fixed, in the discretion of the district court.

Furthermore, because the district court coordinated all of Nellsch's sentences on each of the crimes together, resentencing on the kidnapping charge may affect the district court's view on whether the sentences on the other convictions should be concurrent or consecutive to the kidnapping sentence. It may bear also on the appropriate length of the sentences on each of those other crimes. We believe the district court should freely exercise its discretion to reconsider all of the sentences imposed on Nellsch, if requested by Nellsch to do so. Because of the need to remand for resentencing on the kidnapping conviction and the possibility that the lengths or consecutive *vis-a-vis* concurrent nature of the other sentences may also be affected, we decline to review the sentences imposed for robbery, possession of cocaine and infamous crime, or to express any opinion as to the reasonableness of the sentences for those crimes at this time.

The sentence for first degree kidnapping is vacated and the case is remanded for further proceedings consistent with this opinion.

BURNETT and SWANSTROM, JJ., concur.