757 P.2d 705

**Barry D. KING, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 16919.**

Court of Appeals of Idaho.

June 20, 1988.

**443**

Roger J. Hoopes, Rexburg, for petitioner-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order dismissing an application for post-conviction relief. The appellant, Barry King, pled guilty to a charge of burglary. He was granted probation upon a suspended sentence of ten years. Subsequently, he pled guilty to a charge of rape that was alleged to have occurred while he was under probation on the burglary conviction. He was sentenced to ten years for the rape. Based upon the intervening conviction for rape, King's probation on the burglary charge was revoked and the court ordered the burglary sentence to be served consecutive to the sentence for the rape offense. King filed an application for post-conviction relief, asking "in the interest of justice" that the court order the two sentences to be served concurrently. That application was denied when the court concluded the remedy sought by King was not within the grounds for relief set forth in I.C. § 19–4901.[1]

---

1. At the time King filed his application for post-conviction relief, I.C. § 19–4901 provided as follows:

*19–4901. Remedy—To whom available—Conditions.*—(a) Any person who has been convicted of, or sentenced for, a crime and who claims:

(1) that the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this state;

(2) that the court was without jurisdiction to impose sentence;

(3) that the sentence exceeds the maximum authorized by law;

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(5) that his sentence has expired, his probation, or conditional release was unlawfully revoked by the court in which he was convicted, or that he is otherwise unlawfully held in custody or other restraint; or

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy: may institute, without paying a filing fee, a proceeding under this act to secure relief.

(b) This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of an appeal from the sentence or conviction. Except as otherwise provided in this act, it comprehends and takes the place of all other common law,

Thereafter King filed another application for post-conviction relief, alleging several reasons that arguably would suffice under § 19–4901 to provide a remedy for him. That application was denied on the ground that "Petitioner had every opportunity to raise all grounds of relief in his original Application; [and that] there is no new evidence or new information coming to light and petitioner does not give sufficient reason why he did not raise the grounds raised in his latter Application the first time." The court concluded that King had "waived" his right to bring the second application. King then brought this appeal from the order dismissing his second application. We affirm but remand this case for modification of the sentence imposed for the burglary offense.

In greater detail, the facts show that King pled guilty in September, 1980, to burglary in the first degree. The district court imposed an indeterminate sentence of ten years but suspended execution of the sentence and placed King on probation for five years. A few months later, in 1981, King was charged with committing a rape. He pled guilty to that charge and, on September 14, 1981, the district court sentenced King to an indeterminate ten years in the custody of the Board of Correction. Based upon the rape conviction, King also was charged with violation of his probation on the suspended burglary sentence. He admitted the violation. On September 30, 1981, the district court ordered execution of the burglary sentence but also ordered that it run consecutive to the rape sentence.

On April 25, 1984, King filed an application for post-conviction relief under the provisions of I.C. § 19–4901. On December 5, 1984, the district court denied the application. In its order the district court noted that King based his application upon claims that did not fall within the provisions of § 19–4901.[2] The district court noted that King's application was "nothing more than a motion to reduce the sentence imposed by making it run concurrently rather than consecutively." This conclusion was supported by citation to I.C.R. Rule 35.[3] The district court observed that since King made no complaint of illegal sentence or illegal imposition of sentence, the district court was without jurisdiction to reduce the sentence under Rule 35. King did not appeal from that decision.

In 1986, King filed a second application for post-conviction relief. In that application King sought vacation of the rape conviction and a trial on the charge or, in the alternative, for an order directing that the rape sentence run concurrently with the burglary sentence. King alleged generally that he did not knowingly or willingly plead guilty; he was denied effective assistance of counsel; there were new facts available to support his claim for relief; the special prosecutor appointed was "related" to his former counsel; and the prosecution used threats of filing another charge to induce King to plead guilty. In January, 1987, the district court, citing denial of King's prior application and lack of new evidence, dismissed King's application for post-convic-

statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them.

2. In his application, King alleged as follows: The sentence[s] on the two charges run consecutively. Defendant feels that because the two charges were so closely related in time that it would be in the interest of justice as well as the Defendant's interest if the charges were to run concurrently.

3. In 1984, I.C.R. Rule 35 read as follows:

The court may correct an illegal sentence at any time and may correct a sentence that has been imposed in an illegal manner within the time provided herein for the reduction of sen-

tence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law. Motions to correct or modify sentences under this rule shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion.
We note that Rule 35 was subsequently amended in 1986 and 1987.

tion relief. King then brought this appeal. He asserts the district court erred by dismissing the application on the basis that King should have raised all grounds for relief in his earlier, initial application.

In beginning our analysis, we note that I.C. § 19–4908 raises two threshold inquiries: did King set forth all grounds for relief available to him under I.C. § 19–4901 in his original application? And, did King's first application seek relief only from one or from both convictions? As mentioned in footnote 2, *infra*, King's sole contention was that the sentences received for the rape and burglary should have run concurrently rather than consecutively. The dismissal of King's first application was based upon King's failure to state claims that fell within the provision of the post-conviction procedure act. Idaho Code § 19–4908 precludes subsequent applications unless "the court finds a ground for relief asserted which for *sufficient reason* was not asserted or was inadequately raised in the original ... application." (Emphasis added). As the district court correctly noted, King's initial application did not contain a request for relief which could be granted under the post-conviction procedure act. In that respect, the dismissal was proper. We also note from the record that King's application repeatedly referred to both crimes and sentences, therefore both the burglary and the rape convictions were before the court for review on the first application.

We turn next to the question of whether King's second application fulfilled the requirement of I.C. § 19–4908 with respect to a "sufficient reason" provided for failure to raise in the earlier application the grounds alleged in the subsequent application. In its notice of intent to summarily dismiss the second application (I.C. § 19–4906(b)), the district court recited the allegations submitted by King in the second application as follows:

    (a) That Petitioner did not knowingly or willingly plead guilty.

    (b) That Petitioner was denied effective assistance of counsel.

    (c) That there are new facts that would support relief.

    (d) That a special prosecutor was appointed who was related to the Petitioner's former counsel.

The district court noted that "for each of the foregoing allegations, the Petitioner failed to set forth sufficient facts to give any support to the allegations. The bare allegations are not sufficient." The district court made note of a fifth assertion:

    The Defendant also alleges that the Prosecutor used threats of filing additional charges to induce a plea. However, as the State points out, the Prosecutor is at liberty to use the threat of filing additional charges as a bargaining tool in plea negotiations. There is nothing to show that this was used in any other way than as a legitimate bargaining tool.

The district court concluded by stating:

    Based upon the foregoing facts, the Court informs the Petitioner, under authority of Idaho Code 19–4906(b), that the petition of Barry King will be dismissed. The Petitioner shall have 20 days to reply to this notice of intent to dismiss.

King then filed a "Traverse to Responding Motion to Dismiss." On January 20, 1987, the district court ordered the second application dismissed, finding that King had "every opportunity to raise all grounds of relief in his original application;" and "there is no new evidence coming to light and petitioner does not give *sufficient reason* why he did not raise the grounds raised in this latter application the first time." (Emphasis added.)

The standard for dismissal under I.C. § 19–4906(b) states: "Disposition on the pleadings and record is not proper if there exists a material issue of fact." King correctly asserts that allegations in an application for post-conviction relief must be deemed to be true until those allegations are in some manner controverted by the state. *Baruth v. Gardner*, 110 Idaho 156, 715 P.2d 369 (Ct.App.1986), *citing Tramel v. State*, 92 Idaho 643, 448 P.2d 649 (1968). However, in *Baruth*, we further held that:

It is also the rule that a conclusory allegation, unsubstantiated by any fact, is insufficient to entitle a petitioner to an evidentiary hearing. *Smith v. State,* 94 Idaho 469, 491 P.2d 733 (1971); *Drapeau v. State,* 103 Idaho 612, 651 P.2d 546 (Ct.App.1982). Idaho Code § 19–4903 states that "[a]ffidavits, records, or other evidence supporting its allegations shall be attached to the application or the application shall recite why they are not attached."

110 Idaho at 159, 715 P.2d at 372.

■ There were no affidavits, records or other evidence offered either with King's second application or with his "Traverse", other than an affidavit by King outlining the factual circumstances of the commission of the rape and expressing dissatisfaction because of lesser penalties meted out to co-defendants on the rape charge. The conclusory allegations offered by King were not substantiated as required by the statute. As to this ground for dismissal, the district court was correct. Moreover, insofar as the application was dismissed for failure to provide sufficient reason to show why the grounds alleged in that application were not raised in the first application, we uphold the district court's determination. However, this conclusion does not end our inquiry.

In reviewing the record we are mindful of the earlier observation by the district court that King's first application was essentially a motion for correction or reduction of sentence. *See* I.C.R. 35. The district court avoided a Rule 35 analysis by noting King had failed to assert his sentence was illegal or improperly imposed.

■ In *State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984), we held that an informal letter from a defendant, seeking reconsideration of his sentence, should be treated as a motion for reduction of sentence under I.C.R. 35. We believe that King's initial application sufficiently invited the district court to consider the legality of the consecutive sentences. I.C.R. Rule 35 provides that: "The court may correct an illegal sentence at any time...." Thus, the district court was free from the outset

to examine King's application and to determine the legality of the consecutive nature of the sentences. The sentencing circumstances in *State v. West,* 105 Idaho 505, 670 P.2d 912 (Ct.App.1983), are remarkably similar to the instant case. West was convicted of grand larceny and was sentenced to fourteen years in prison. The sentence was suspended and West was placed on probation. While on probation, West was convicted of burglary and received a sentence for that offense. The district court subsequently revoked West's probation on the larceny charge and ordered that the fourteen-year sentence on that conviction be served consecutively to the burglary sentence.

At issue in *West* was whether the district court had, upon revoking West's probation, the power to order the sentence originally imposed to be served consecutively to a later sentence imposed for a crime which occurred during the probation period. We held that, because West had actually begun his probation with the Board of Correction, the district court's subsequent modification of West's larceny sentence by ordering it to be served consecutive to the burglary sentence was improper under *State v. Pedraza,* 101 Idaho 440, 614 P.2d 980 (1980). In *Pedraza,* our Supreme Court had held that the statutory sentencing scheme precludes a district court from increasing a previously imposed but suspended sentence upon a finding that the defendant had violated the conditions of his probation. Essentially, we perceived no difference between the alteration of West's sentence, to make it consecutive, and the "increase" referred to in *Pedraza.* We held the modification was invalid and properly should have been corrected pursuant to a motion under I.C.R. 35.

King's first application for post-conviction relief was filed six months after our decision in *West.* Accordingly, the record before the district judge at the time of this application would have shown—in light of *West*—that King's burglary sentence illegally had been made to run consecutive to the rape sentence when King's probation was revoked. Had this point been clearly

raised in the application or had a Rule 35 motion been filed raising this point, relief should have been granted.

▮ Because an illegal sentence can be corrected at any time under Rule 35, the opportunity to remedy the error still existed when King filed his second application. Instead of dismissing this application, the district court below should have considered King's continued request for relief from his sentences as a motion under Rule 35 to correct an illegal sentence. To be sure, this ground for relief was inadequately raised in the first application. That deficiency should not bar a subsequent attempt to gain relief from an illegal sentence. *See* I.C. § 19–4908.

▮ When, on appeal, we discover the existence of an illegal sentence, we cannot allow such a sentence to stand uncorrected. *See, e.g., State v. Nellsch,* 110 Idaho 594, 716 P.2d 1366 (Ct.App.1986); *State v. Merrifield,* 109 Idaho 11, 704 P.2d 343 (Ct.App. 1985); *State v. Evans,* 107 Idaho 429, 690 P.2d 364 (Ct.App.1984); *State v. Pierce,* 107 Idaho 96, 685 P.2d 837 (Ct.App.1984). Consequently, and in the interest of efficient judicial administration, we remand this case to the district court to enter an order in the burglary case, directing that the sentence on that charge be served concurrently with the sentence for the rape offense, consistent with *State v. West, supra.*

SWANSTROM, J., concurs.

BURNETT, Judge, dissenting.

I respectfully submit that my colleagues have erroneously interpreted the rule of waiver contained in I.C. § 19–4908. The statute provides that a person seeking post-conviction relief from a criminal judgment must set forth all grounds for such relief in the original, supplemental or amended application. Any grounds not set forth are waived, and "may not be the basis for a subsequent application," unless the court finds "sufficient reason" why those grounds were not raised previously. The statute plainly is intended to discourage multiple requests for relief from a judg-

ment of conviction. It does *not* preclude the filing of separate applications seeking relief from separate judgments. But as I shall attempt to explain, the Court has given precisely that effect to the statute today.

Barry King stands convicted, by separate judgments, of burglary and rape. The burglary judgment, supplemented by a probation revocation order, imposes a sentence consecutive to the sentence contained in the rape judgment. In 1984 King filed an application for post-conviction relief, seeking to have the sentences made concurrent. The relief requested would not have affected the rape judgment. It would have required only a modification of the burglary judgment. The application was denied. In 1986 King filed another application, this one seeking relief only from the rape judgment. This application was dismissed on the basis of waiver under I.C. § 19–4908. The Court today upholds this result, explaining that the first application "referred to" both judgments. Thus, the Court has broadened the statutory rule of waiver to include a first-time request for relief from a judgment which had been "referred to" in an application filed in a separate case.

In my view, the nexus between a judgment and a post-conviction relief application is determined by the relief actually sought, not by matters merely "referred to." Because King's first application actually sought relief only from the burglary judgment, I would hold that he was entitled to file another application seeking relief only from the rape judgment. By holding otherwise, the Court exalts form over substance and distorts the meaning of I.C. § 19–4908.

The Court then advances an alternative rationale for upholding the dismissal of King's 1986 application. The Court holds that the application failed to establish any genuine issue of material fact because it contained only conclusory allegations. This, of course, is not the reason given by the district judge for dismissing the application. Nevertheless, I realize that we can affirm a lower court's decision on an alternative legal theory. I also acknowledge

that many of King's allegations were, indeed, conclusory.

However, one of the grounds stated in the 1986 application, and later elaborated in King's "traverse" to a motion to dismiss, was that he pled guilty to the rape charge while suffering the effects of withdrawal from alcohol and drugs. This allegation may be true, or it may be fabricated, but in any event it is not conclusory. It avers a specific fact. If the allegation is true—as we must assume for the purpose for reviewing a summary dismissal—then it may give rise to relief. If the guilty plea was made at a time when King was sick and unable to think clearly, the plea could not be regarded as knowing, intelligent and voluntary. Accordingly, I would vacate the district court's decision in part, remanding the case for an evidentiary hearing on the question whether King's guilty plea was indeed significantly affected by withdrawal from alcohol or drugs. *Cf. State v. Cobb*, 100 Idaho 116, 594 P.2d 154 (1979) (overturning summary dismissal of post-conviction relief application and remanding for evidentiary hearing on allegation that plea was tainted by influence of drugs).

Finally, the Court today declares that the burglary sentence should have been made concurrent with the rape sentence, as King requested in his first application. That declaration is supported by Idaho case law, and I agree with it—as far as it goes. But if it was unlawful for the burglary sentence to run consecutively to the rape sentence, then the district court erred in denying King's first application upon the belief that the relief sought was unavailable in a post-conviction relief proceeding. Relief from an illegal sentence is available under I.C. § 19-4901(1). Unfortunately, King did not appeal the order denying his first application. That decision has long since become final.

Perceiving an apparent injustice, and acting with a commendable motive, my colleagues ride to King's rescue. They say that relief is still available under I.C.R. 35 and, "in the interest of efficient judicial administration," the burglary sentence shall be modified on remand. This *sua*

*sponte* directive overlooks two problems. First, it cannot be broadly presumed that a person who seeks a modification of his sentence under the post-conviction relief statutes, and who fails to appeal an adverse ruling, would be automatically entitled to seek identical relief in another proceeding under Rule 35. A system designed to achieve "efficient judicial administration" should carefully limit a litigant's right to seek the same relief in different proceedings. The Court today does not articulate any limits, nor does it fully explain why no such limit would apply to this case. The issue deserves closer consideration.

The second problem is that, unlike the cases cited by the Court as precedent for its action, the instant case does not come to us on appeal from a judgment containing an illegal sentence. This is not an appeal from the burglary judgment. Nor is it an appeal from the denial of a post-conviction relief application directed at the burglary judgment. It is an appeal from the dismissal of an application directed solely at the rape judgment. I fail to see how the Court in this case can order a district judge on remand to modify a final judgment in another, separate case.

The better approach, I submit, would have been for our Court simply to "flag" the issue of an illegal sentence. King then could seek relief in a proper manner. If he wished to test the continued availability of Rule 35 relief, he could file a motion under that rule in the burglary case. Alternatively, he could request the Commission for Pardons and Parole to commute his burglary sentence from consecutive to concurrent, thereby bringing it within the legal limits prescribed by settled case law.