**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36631**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2010 Opinion No. 62** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: September 2, 2010** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| JOSHUA LEE BOSIER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Third amended judgment of conviction, <u>vacated</u>, and original judgment, <u>reinstated</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

Joshua Lee Bosier appeals from the entry of his third amended judgment of conviction for possession of a controlled substance and argues that the district court erred by amending his formerly concurrent sentence to convert it to a consecutive sentence. We vacate the district court's third amended judgment of conviction and reinstate the original judgment.

**I.**

**BACKGROUND**

Bosier pleaded guilty to felony possession of a controlled substance, Idaho Code § 37-2732(c), and the district court imposed a unified seven-year term of imprisonment with three years fixed. The court specified that the sentence would be concurrent with another Ada County case but was silent concerning the sentence's relation to Bosier's sentences in some Canyon County cases. The court suspended Bosier's sentence and placed him on probation for seven

1

years. A month after sentencing, however, the district court summoned Bosier for another hearing. The court explained that it did so because at the time of Bosier's original sentencing, it had been under the mistaken belief that Bosier had an opportunity for retained jurisdiction, and ultimately probation, in one of his other cases, but jurisdiction had in fact been relinquished in that case. At this second sentencing hearing, the district court amended Bosier's judgment of conviction to give him the same sentence but without the order of suspension and probation. That is, the court effectively revoked Bosier's probation. The court also ordered that the sentence was to run "concurrent with the other cases that have him in the penitentiary," which upon further discussion, included an Ada County case and one of three Canyon County cases of which the court was aware.[1] Subsequently, acting upon a letter written by Bosier that the court treated as an Idaho Criminal Rule 35 motion to reduce his sentence, the court entered a second amended judgment of conviction reducing Bosier's fixed term to two years.

Bosier appealed. In an unpublished opinion, *State v. Bosier*, Docket No. 34745 (Ct. App. Apr. 29, 2009), this Court held that the district court had violated Bosier's right to due process by revoking his probation without notice and an adequate opportunity to be heard. We therefore vacated the first and second amended judgments of conviction and remanded the case for "reinstatement of the original probation." *Id.*[2]

After a hearing on remand, the district court entered a third amended judgment of conviction that restored Bosier's probation but also once again redefined his underlying sentence by directing that it run concurrent with the Ada County sentence but consecutive to the Canyon County sentences. The district court also directed that the probation period would commence when Bosier was released from prison.

Although Bosier did not object to these modifications in the district court, he again appeals. He argues that the district court was without jurisdiction to amend his sentence to run

---

[1] In the other two Canyon County cases, Bosier was serving periods of retained jurisdiction ("riders") that had not been completed at the time of the second sentencing hearing. The court did not further address the relationship between Bosier's sentence in this case and those other two Canyon County cases at the sentencing hearing.

[2] In that opinion, this Court did not address whether Bosier's probation properly could have been revoked in the circumstances presented if the requisite procedural safeguards had been afforded.

2

consecutively to the Canyon County sentences and to commence upon Bosier's release from prison, rather than on October 3, 2007 as originally ordered, because this Court had reinstated the original suspended sentence, which ran concurrently with probation commencing immediately. He also contends that the district court's sentence on remand was vindictive and therefore constituted a violation of due process. The State concedes that it was error for the court to alter the original judgment by delaying commencement of the probationary term, but contends that it was permissible for the court to order that any term of imprisonment that might be served in the present case in the event of revocation of Bosier's probation would be served consecutive to the Canyon County sentences.

## II.

## ANALYSIS

We conclude that the district court on remand lacked jurisdiction to make the modifications of the original judgment, and we therefore vacate the district court's third amended judgment of conviction.

### A. The Question of Subject Matter Jurisdiction Was Not Waived by Failure to Raise it Below

The State first argues that Bosier may not assert on appeal that the district court lacked jurisdiction to amend Bosier's sentence on remand because Bosier did not object to the amendment below. The State's argument fails, however, because a challenge to a court's subject matter jurisdiction may be brought at any time. *State v. Lundquist*, 134 Idaho 831, 835, 11 P.3d 27, 31 (2000); *State v. Diggie*, 140 Idaho 238, 240, 91 P.3d 1142, 1144 (Ct. App. 2004). A court's lack of subject matter jurisdiction cannot be waived by a party, and the parties cannot consent to the court's assumption of jurisdiction through conduct or acquiescence, nor be estopped from asserting its absence. *State v. Armstrong*, 146 Idaho 372, 374, 195 P.3d 731, 733 (Ct. App. 2008). A claim that the district court lacked subject matter jurisdiction to modify a judgment presents a question of law over which we exercise free review. *State v. Savage*, 145 Idaho 756, 758, 185 P.3d 268, 270 (Ct. App. 2008); *State v. Parvin*, 137 Idaho 783, 785, 53 P.3d 834, 836 (Ct. App. 2002).

### B. The District Court Lacked Jurisdiction to Alter Bosier's Sentence on Remand

A trial court has only limited authority to modify a judgment once it becomes final. As stated in *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003), "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires

once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." Such rules include Idaho Rule of Civil Procedure 60(b), which permits a civil judgment to be set aside for several specified reasons, and Idaho Criminal Rule 35, which permits a motion to correct an illegal sentence. *Jakoski*, 139 Idaho at 355 n.5, 79 P.3d at 714 n.5. Neither rule is implicated here.

Idaho Appellate Rule 38 can also confer on a trial court authority to amend a judgment after an appeal. Rule 38(c) authorizes the district court to "forthwith comply with the directive of the opinion" of the Supreme Court or Court of Appeals. Thus, if such directive is to amend a judgment on remand, I.A.R. 38(c) extends to the trial court the authority to do so. No such authority was conferred in this case, however, because this Court's decision in Bosier's first appeal only vacated the first and second amended judgments of conviction and remanded the case "for reinstatement of the original probation." Nothing in that decision called upon the district court to make any changes in the original judgment. Indeed, because the trial court's original judgment is automatically reinstated if an appellate court vacates the trial court's amended judgment, *see State v. Allen*, 144 Idaho 875, 878, 172 P.3d 1150, 1153 (Ct. App. 2007), the effect of this Court's decision was to reinstate Bosier's original judgment of conviction and sentence without the necessity of further action from the trial court. We acknowledge that the district court after remand still possessed jurisdiction to take some actions in the case because Bosier was on probation. The court had continuing jurisdiction to consider matters attendant to the probation, including motions to modify or revoke probation. *See* I.C. §§ 19-2602 to 19-2607; I.C.R. 5.3, 33(e). However, in *Jakoski* the Supreme Court held that after a judgment of conviction has become final, a court retains subject matter jurisdiction to take only such actions as are authorized by specific statutes or rules. Here, the court's continued possession of jurisdiction to take actions pertaining to Bosier's probation did not extend its jurisdiction to take other actions, such as enlarging the sentence after the original judgment of conviction and sentence had become final.

We first consider the State's argument that because Bosier's original judgment of conviction did not specify whether his sentence was concurrent or consecutive to his Canyon County sentences, the district court was not "changing" Bosier's sentence. This contention is without merit. If a court does not specify whether a sentence is to be served concurrently with or consecutive to another sentence, the sentence will be concurrent because, in the absence of a

4

specification that it is to be consecutive, the defendant's service of the sentence will begin immediately. This is dictated by the directive in I.C. § 19-2703 that when a sentence of imprisonment has been imposed, "the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with." A similar issue was addressed by this Court in *State v. West*, 105 Idaho 505, 670 P.2d 912 (Ct. App. 1983), where, upon revoking the defendant's probation, the trial court ordered that the sentence would be served consecutively to a later sentence imposed for a crime that occurred during the probationary period. We held that this action amounted to increasing the defendant's sentence and was impermissible. *Id.* at 507, 670 P.2d at 914.

The State's next argument is predicated upon the general rule that "on remand, a trial court has authority to take actions it is specifically directed to take, or those which are subsidiary to the actions directed by the appellate court." *State v. Hosey*, 134 Idaho 883, 886, 11 P.3d 1101, 1104 (2000). According to the State, the district court's modification of the sentence to provide that it would run consecutive to the Canyon County sentences was a subsidiary matter to this Court's directive to reinstate Bosier's probation, because the district court was simply addressing a matter that it had previously overlooked. The State's argument is refuted, however, by our decision in *Allen*. In that case, instead of giving the defendant credit for all time previously served upon revocation of probation, the district court commuted his sentence proportionately such that the defendant could serve the remainder of his sentence at the county jail instead of the state penitentiary. However, the district court did not express its intent at the original sentencing hearing that the sentence commutation would act as a substitute for credit for time served. The defendant appealed, contending that he was entitled to credit for all time previously served. We held that the defendant was correct. We said that "once sentence has been pronounced," the court cannot increase it "by issuing a subsequent judgment or amended judgment" to give effect to the court's original intent regarding some aspect of sentencing, "if that intent is not expressed at the sentencing hearing." *Allen*, 144 Idaho at 878, 172 P.3d at 1153. We determined that I.C.R. 36 does not extend authority for a court to make this type of amendment to a sentence. That rule allows a court to correct clerical mistakes in judgments, which arise from oversight or omission, at any time. We held that it did not, however, "provide a vehicle by which a trial court may amend a sentence to give effect to the court's previously unstated intent that alters the sentence." *Id.* Here, the conversion of Bosier's sentence from one that was to be served

concurrently to one that will run consecutive to other sentences increases the aggregate term. *See State v. Mendenhall*, 106 Idaho 388, 394, 679 P.2d 665, 671 (Ct. App. 1984). Just as the trial court in *Allen* was powerless to increase the defendant's sentence to conform to the court's unexpressed intent, so was the district court here.[3]

The State also argues that this was a matter subsidiary to the action to be taken on remand because this Court had addressed only the question of whether Bosier was entitled to reinstatement of his probation, not a question of whether his sentence would run consecutive to others if that probation was violated. We are not persuaded. If on remand a trial court is tasked with only the ministerial act of entering an amended judgment to comply with an appellate decision, that court does not have the power to "revisit discretionary issues of the case," and such remand does "not open the door for the [court] to address substantive issues in the case" as those issues are not subsidiary to such ministerial act. *Hummer v. Evans*, 132 Idaho 830, 833, 979 P.2d 1188, 1191 (1999). Ordering the reinstatement of Bosier's original probation--a specific direction that placed the parties in precisely the same position that they occupied before Bosier's probation was revoked--called for only a ministerial act. Altering the concurrent nature of the sentence was not subsidiary to that task. Whether a sentence runs concurrently with or consecutive to another sentence is a discretionary decision for the trial court, *see* I.C. § 18-308, and is a substantive sentencing issue. *See Mendenhall*, 106 Idaho at 393, 679 P.2d at 670. Therefore, as the district court had only ministerial authority to act, and changing Bosier's sentence from running concurrent with the Canyon County sentences to running consecutive was a discretionary and substantive change, the district court had no subsidiary authority to order that Bosier's sentence be served consecutive to the Canyon County sentences.

The court exceeded its jurisdiction on remand by ordering that Bosier's sentence be served consecutive to other sentences. Consequently we must vacate its third amended judgment of conviction.

---

[3] We also observe that the State's argument that running the sentences consecutively was the court's intent at the original sentencing is not supported by the record. In fact, the second amended judgment, which was vacated in the first appeal, expressly provided that Bosier's sentence would be served *concurrently* with his sentences in the Ada County case and a Canyon County case.

Because we hold that the district court did not have jurisdiction to make Bosier's sentence consecutive to the Canyon County sentences, we do not reach Bosier's alternative argument that this modification of his sentence was invalid because it was vindictive.

## III.

## CONCLUSION

The district court's third amended judgment of conviction is vacated, and the original judgment of conviction is reinstated in all aspects.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**