828 P.2d 342

**Dennis L. NIELSON, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 19374.

Court of Appeals of Idaho.

March 25, 1992.

Kerry D. McMurray, Burley, for petitioner-appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

In this appeal, Dennis Nielson asserts that the district court erred when it dismissed his application for post-conviction relief. For the reasons stated below, we affirm.

The facts and procedural background for this case may be stated briefly. Nielson pled guilty to two counts of lewd and lascivious conduct with a minor. On August 29, 1985, he received two concurrent eighteen-year indeterminate sentences. No appeal was taken from the conviction or sentences. Instead, Nielson filed a motion under I.C.R. 35 to have his sentences reduced, which the court granted, reducing the sentences to twelve years.

On August 28, 1990, Nielson applied for post-conviction relief, alleging that his guilty pleas were coerced and that the state had illegally obtained evidence against him. He requested that his sentences be reduced to probation. The state answered, denied Nielson's allegations, and moved for summary judgment and dismissal of the petition.

Following a hearing, the court indicated its intent to grant the state's motion and notified Nielson that he could reply to the proposed dismissal. No reply was filed, and after a second hearing the court dismissed the petition. Nielson appeals.

 An application for post-conviction relief initiates a special proceeding in which the applicant bears the burden of pleading and proof imposed upon a civil plaintiff. *Clark v. State,* 92 Idaho 827, 452 P.2d 54 (1969). The issue on appeal from a summary dismissal of an application is whether the application alleges facts which, if true, would entitle the applicant to relief. *Whitehawk v. State,* 116 Idaho 831, 780 P.2d 153 (Ct.App.1989). Disposition on the pleadings is not proper if the allegations in the pleadings frame a material issue of fact. I.C. § 19–4906(b). Allegations are deemed to be true until they are in some manner controverted by the state. *King v. State,* 114 Idaho 442, 757 P.2d 705 (Ct.App. 1988); *Baruth v. Gardner,* 110 Idaho 156, 715 P.2d 369 (Ct.App.1986). However, a conclusory allegation, unsubstantiated by any fact, is insufficient to entitle a petitioner to an evidentiary hearing. *Id.* Affidavits, records, or other evidence supporting the allegations must be attached to the application or the application must state why they are not attached. *Id.;* I.C. § 19–4903. Unsupported allegations entitle the court to summarily dispose of the application. *Phillips v. State,* 108 Idaho 405, 700 P.2d 27 (1985).

 In his petition, Nielson stated his grounds for relief as follows:

(A) Petitioner['[]s guilty pleas were obtained through coercion, duress, or otherwise undue illegal tactics, to wit: investigating officer used threats against personal friends to coerce a guilty plea and to submit to questioning without aid of counsel;

(B) Evidence used against Petitioner was illegally obtained in violation of [P]etitioner's rights under the 5th, 6th, and 14th Amendments of the U.S. Constitution;

Nielson did not support these claims with affidavits, documents, or any evidence to support his allegations. While Nielson reserved the right to amend his petition prior to trial "should discovery uncover additional causes of action," no amendment was presented. Although a factual scenario is provided in his brief on appeal in an attempt to flesh-out the allegations, this description does not appear to have been provided to the district court. Further, when questioning Nielson as to the voluntariness of his guilty pleas, the court asked if any-

one had intimidated or threatened him. Nielson responded in the negative. Thus, Nielson's petition for relief presented the court with mere assertions that the pleas were coerced, contrary to Nielson's previous position. Thus, no material issues of fact were presented and the court properly granted summary judgment to the state dismissing the petition.

■ On appeal, Nielson also asks whether a post-conviction relief hearing is the proper forum in which to present evidence of the state's failure to provide psychological treatment to a sex offender. This issue was not raised in Nielson's application, but is asserted for the first time on appeal, and thus will not be considered. *State v. Bingham*, 116 Idaho 415, 776 P.2d 424 (1989). Moreover, it is established that Idaho's purpose in sentencing is punitive and the state is not required to provide treatment for sex offenders. *See Balla v. Idaho State Board of Corrections*, 869 F.2d 461 (9th Cir.1989). Thus, there can be no post-conviction relief for failing to provide treatment.

In conclusion, summary judgment dismissing Nielson's application for post-conviction relief was correct. The judgment is affirmed.