846 P.2d 252

**Hal Lee WEST, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 19383.**

Court of Appeals of Idaho.

Feb. 4, 1993.

SWANSTROM, Judge.

Hal Lee West appeals from the district court's summary dismissal of his application for post-conviction relief. In the underlying criminal case, after pleading guilty, West was convicted of armed robbery and grand theft. I.C. §§ 18–6501, –2407. The state dismissed two other counts of grand theft. On June 26, 1985, the court sentenced West to ten years' incarceration for armed robbery and five years' incarceration for grand theft. West filed an I.C.R. 35 motion for reduction of sentence which was denied; he did not file a direct appeal.

■ West filed a verified petition for post-conviction relief and his unverified amended petition,[1] attempting to set aside his guilty pleas to the two crimes. In his amended petition, West claimed that he is entitled to relief because he had entered his guilty pleas unknowingly and involuntarily due to the influence of medication. West also claimed that he was afforded ineffective assistance of counsel. West also asserted two other bases for relief, but he does not argue them on appeal and they are unnecessary to our resolution of this appeal. In both of his petitions, as well as in motions filed after both petitions, West asked for appointed counsel, however, the court did not address West's requests and counsel was not appointed.[2]

The state did not file an answer to West's petitions. However, the court issued a detailed notice of its intent to dismiss the petition under I.C. § 19–4906(b) wherein it addressed the claims raised by West. West filed a sworn reply to the intent to dismiss, but the court dismissed his petition based upon the reasons stated in its intent to dismiss.

■ The issue presented to us is whether the district court erred by summarily dismissing West's petition for post-conviction relief without affording him an eviden-

Spencer E. Daw, Idaho Falls, for petitioner-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., argued, for respondent.

---

1. West filed "petitions" for post-conviction relief, and we will refer to the documents as they are entitled; however, we note that "application" is the statutory term for the document in which one seeks post-conviction relief. *See* I.C. § 19–4903.

2. On appeal, counsel has not raised this issue and therefore we will not address it. However, I.C. § 19–4904 provides a statutory right to appointed counsel in post-conviction relief proceedings. *See Henderson v. State,* 123 Idaho 51, 844 P.2d 33 (1992).

tiary hearing. Therefore, we must decide if the petition alleges facts which would entitle the applicant to relief, if the facts were true. *Whitehawk v. State*, 116 Idaho 831, 780 P.2d 153 (Ct.App.1989) *appeal after remand, Whitehawk v. State*, 119 Idaho 168, 804 P.2d 341 (Ct.App.1991). Where the allegations of the pleadings frame a material issue of fact, it is improper to summarily dispose of the case. *Nielson v. State*, 121 Idaho 779, 828 P.2d 342 (Ct.App. 1992) (citing I.C. § 19–4906(b)). Mere conclusory allegations without supporting facts do not afford a petitioner an evidentiary hearing. *Nielson*, 121 Idaho at 780, 828 P.2d at 343 (citations omitted). "However, where issues of material fact exist, an evidentiary hearing must be held." *Parrott v. State*, 117 Idaho 272, 787 P.2d 258 (1990) (citations omitted).

■ The principal allegations contained in West's amended petition, which was unverified but nevertheless considered by the district court, would entitle him to relief if they are true. *See* I.C. § 19–4901(a)(4), (6). As noted above, West alleged in his sworn response to the court's intent to dismiss that he was under the influence of mind-altering drugs prior to and during the entry of his guilty pleas. West's sworn assertion is bolstered by the 1985 presentence investigation report (PSI) which indicated that West was taking Tofranil daily and that he had been diagnosed with an adjustment disorder. The psychological evaluation prepared for sentencing also indicated that West needed anti-depressive medication and intense residential psychiatric treatment. West contends that the district court erred in failing to allow him to present evidence at a hearing and that his case is similar to *State v. Cobb*, 100 Idaho 116, 594 P.2d 154 (1979).

West also alleged that counsel was ineffective in his representation because he knew of West's mental condition and that West was under the influence of medication and therefore did not understand the charges against him or the consequences of pleading guilty. West also alleged that counsel coerced him to enter guilty pleas and failed to inform him of other alternatives.

The state did not file an answer or any portions of the record in response to West's filings as it is required to do by I.C. § 19–4906(a). In the district court's intent to dismiss, the court relied upon court minutes from West's arraignment, at which a different district judge presided, which stated that the court had specifically found that West had understandingly and knowingly entered the guilty plea. The court also relied upon a written statement of rights which West had signed before he pled guilty. The district judge also reviewed a brief psychological evaluation of West and a presentence report, both of which were prepared after the guilty plea was entered. These documents are part of the record on appeal.

West has sworn that he was under the influence of medication at the time of his guilty pleas, and this affirmation is supported by the PSI and psychological evaluation. Under the circumstances of this case, we hold that West's allegations, that he was under the influence of medication which inhibited his ability to properly enter a guilty plea, frame a material issue of fact, namely, whether the medication affected his ability to enter a knowing, intelligent and voluntary plea.

We hold that the district court erred in deciding that West's guilty pleas were knowingly and voluntarily entered without affording West an evidentiary hearing on factual issues raised in West's petition. Accordingly, we vacate the order summarily dismissing the petition for post-conviction relief and remand this case for an evidentiary hearing.

WALTERS, C.J., and SILAK, J., concur.