858 P.2d 827

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David Leroy LAW, Sr., Defendant–Appellant.**

No. 20123.

Court of Appeals of Idaho.

Aug. 20, 1993.

---

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen. and Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

LANSING, Judge.

■ This is an appeal from the denial of David Leroy Law's motion for reduction of sentence pursuant to I.C.R. 35. We affirm.

Law was initially charged with two counts of lewd conduct with a minor or child under sixteen, I.C. § 18–1508. Pursuant to plea negotiations, Law pled guilty to one count of lewd conduct, and the remaining charge was dismissed. By pleading guilty, Law admitted that he had engaged in manual-genital contact with his eleven-year-old stepdaughter. The district court sentenced Law to a minimum term of incarceration of ten years, to be followed by an indeterminate term of thirty years. The court also retained jurisdiction for 180 days, during which period Law was incarcerated at the North Idaho Correctional Institution ("NICI").

After receiving a report from the NICI Jurisdictional Review Committee indicating that Law was not a good candidate for probation, the district court relinquished jurisdiction. No direct appeal was taken from the conviction and sentence, but Law filed a Rule 35 motion for reduction of sentence, which the district court denied. This appeal followed.

■ Our standard of review from a denial of a Rule 35 motion is well settled:

A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the district court. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App. 1987). Such a motion is essentially a plea for leniency which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The denial of a motion for reduction of sentence will not be disturbed absent a showing that the court abused its sentencing discretion. The criteria for examining rulings denying the leniency requested are the same as those applied in determining whether the original sentence was reasonable. *Id.*, at 450, 680 P.2d at 872. A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society, and to achieve any or all of the related goals of deterrence, rehabilitation, and retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). If the sentence is not excessive when pronounced, the defendant must later show it is excessive in view of new or additional information presented with his motion for reduction.

*State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991). Law argues that the district court erred by refusing to reduce the fixed portion of his sentence to two years. He asserts that the evidence showed that he was in need of sexual offender treatment and that since no such treatment is available in the penitentiary, his sentence should be reduced.

■ We note that the primary objective of sentencing in Idaho is to protect society. There is no requirement that the state provide rehabilitative treatment to sex offenders. *Nielson v. State*, 121 Idaho 779, 828 P.2d 342 (Ct.App.1992); *Balla v. Idaho State Board of Corrections*, 869

F.2d 461 (9th Cir.1989). Therefore, Law's appeal fails to the extent that it relies upon the argument that his sentence should be reduced because of the failure to be provided such treatment while in prison.

Law had a lengthy history of sexually molesting children. Law admitted to the presentence investigator that he had molested two of his minor stepdaughters from his then-current marriage as well as a stepdaughter from a previous marriage. In addition, Law was convicted of statutory rape of two thirteen-year-old girls in 1973 when Law was eighteen.

The psychological assessment prepared prior to sentencing concluded that Law represents a risk to minor children with whom he has unsupervised contact. A psychological report prepared at NICI stated that Law presented an extremely high risk of reoffending and that his willingness to accept responsibility for his actions was minimal. We also note that the present offense occurred even while Law was in a counseling program.

The sentence imposed was within the maximum allowed by statute. I.C. § 18–1508. In light of the psychological assessments and Law's history of sexual misconduct with children, the sentence was not excessive when pronounced. Law has failed to provide any new or additional information sufficient to establish that the sentence was excessive when the Rule 35 motion was heard. We, therefore, affirm the order denying a reduction of Law's sentence.

WALTERS, C.J., and PERRY, J., concur.