IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 35688

| DANIEL M. CURRIN, | ) | 2010 Unpublished Opinion No. 590 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 12, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Daniel M. Currin appeals from the district court's summary dismissal of his application for post-conviction relief. Currin contends that the district court erred by summarily dismissing the whole of his petition for post-conviction relief without specifically ruling upon or addressing two of his claims. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In 2004, a jury found Currin guilty of three counts of lewd and lascivious conduct with a minor under sixteen. Currin appealed, and the Court of Appeals affirmed his convictions. *State v. Currin*, Docket No. 31330 (Ct. App. August 4, 2006) (unpublished). Currin then timely filed a lengthy pro se petition for post-conviction relief setting forth numerous assertions and claims. Currin also filed a motion for appointment of counsel, which the court granted.

1

The State filed a motion for summary disposition. The State articulated three reasons why Currin's post-conviction relief claims should be summarily dismissed: (1) the application was not supported by evidence; (2) there was no newly discovered evidence; and (3) Currin had failed to show that his trial counsel was ineffective. In response, Currin, through counsel, filed "Defendant's Supplemental Submission Re: Post-Conviction Relief." This pleading specifically stated that the "purpose of this supplemental submission is to bolster what he [Currin] has previously submitted on a *pro se* basis." Further, after referring to the assertions made in the lengthy pro se application, counsel stated in the pleading that "what we will try to do here is to assist the court in boiling them down a bit to make them manageable." Finally, the pleading concluded:

> To make it clear again, this is a supplemental submission. It is intended to assist the court in clarifying some issues. It does not, in any way, completely replace or supplant the defendant's own filing or waive any issues he may have raised.

The supplemental submission boiled down Currin's pro se claims for post-conviction relief to six identified and discussed claims. Except as may be contained in the pro se application, no further evidence in support of the application was presented.

The district court entered an order granting the State's motion and summarily dismissing Currin's application for post-conviction relief. In its order, the district court stated that "Petitioner has submitted a lengthy petition in this matter, to which counsel for the Petitioner filed a supplemental submission for the purpose of clarifying the Petitioner's issues presented." The district court then addressed the six claims identified in the supplemental submission and explained why each of these claims should be summarily dismissed. The district court concluded:

> Petitioner has submitted six claims in this Petition for Post-Conviction Relief. The issues are based upon claims of violation of due process, I.C. § 19-4901(a)(1), claims of evidence of material facts, not previously presented and heard, I.C. § 19-4901(a)(4), and claims of ineffective assistance of counsel. The Petitioner has failed to raise issues of material fact, thus summary disposition is appropriate in this matter.

On appeal, Currin does not contest the district court's summary dismissal of the claims specifically addressed in the court's order. Instead, Currin claims that the district court failed to specifically address two claims set out in the pro se application. These claims, arguably set out

in the application, are: (1) that the mother of Currin's alleged victims was forced by police to testify falsely against him at trial; and (2) that Currin's counsel was ineffective for failing to review the presentence investigation report (PSI) with him prior to sentencing. These claims were not identified or addressed in the supplemental submission filed by Currin's counsel in response to the State's motion for summary disposition. These claims were also not specifically addressed in the district court's order. Currin argues that because the district court did not specifically address the two additional claims, "it is impossible to determine whether those claims were dismissed on the same grounds stated in the State's motion for summary disposition, i.e., the only grounds for which Mr. Currin had prior notice of the reasons for dismissal (as is required under I.C. § 19-4906)."

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative.

3

Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

"When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition

4

but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id*.

An applicant is entitled to notice of the trial court's contemplated grounds for dismissal and an opportunity to respond before an application for post-conviction relief is dismissed. I.C § 19-4906(b). Failure to provide such notice and opportunity to be heard may result in reversal of a summary dismissal petition for post-conviction relief. *Saykhamchone v. State*, 127 Idaho 319, 321, 900 P.2d 795, 797 (1995). The notice procedure is necessary so that the applicant is afforded an opportunity to respond and to establish a material issue of fact, if one exists. *Flores v. State*, 128 Idaho 476, 478, 915 P.2d 38, 40 (Ct. App. 1996). If the district court orders dismissal in response to the State's motion, the court need not further provide the applicant with notice and an opportunity to respond because the motion itself is viewed as providing notice to the applicant. *Saykhamchone,* 127 Idaho at 322, 900 P.2d at 798; *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). However, the district court may not dismiss the application on grounds not contained in the State's motion unless the court gives the applicant the twenty-day notice required by I.C. § 19-4906(b). *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151.

### III.

### ANALYISIS

This case presents a recurring issue in post-conviction proceedings where, in response to the State's motion for summary dismissal, the applicant specifically addresses some but not all of the claims set out in the pro se application. Thereupon, the district court, while generally granting the motion and dismissing the entire application, only individually analyzes those claims specifically discussed by the applicant. On appeal therefrom, the applicant contends that the district court should have individually discerned and decided all other claims arguably raised in the pro se application.[1] The applicant contends that the other claims were not waived and either the district court simply failed to address all of the claims or, as here, by dismissing the claims on unknown grounds, it is impossible to determine if the court dismissed on the grounds

---

[1] As we have stated before, we encourage applicants who believe that the district court has overlooked claims to seek a ruling from the district court, consistent with the Idaho Rules of Civil Procedure, prior to appeal.

for which notice was given. In either event, the applicant requests remand for specific consideration of the unmentioned claims. Whether the district court overlooked the claims or whether they were generally dismissed without stated reason, the question seems to be whether we should remand or review the dismissal.

The State moved to dismiss Currin's application on the grounds that: (1) the application was not supported by evidence; (2) there was no newly discovered evidence; and (3) Currin had failed to show that his trial counsel was ineffective.[2] In so doing, the State's motion for summary dismissal served as notice and an opportunity to respond and establish a material issue of fact regarding any and all of Currin's claims. The district court granted the State's motion. However, as Currin asserts, it is not possible to determine on what grounds the two claims now identified by Currin were dismissed. However, this does not automatically require reversal. *See Ridgley,* 148 Idaho at 676, 227 P.3d at 930. In *Ridgley*, notice was generally given on the basis of insufficiency of supporting evidence, but the district court ultimately dismissed on the basis of res judicata. The Supreme Court determined that notice of the ground for dismissal was not given, but held this "conclusion does not automatically require reversal, however." *Id*. The Court stated that because "this Court employs the same standards on appellate review that the trial court applies in considering summary dismissal of a petition for post-conviction relief, if Ridgley failed to provide admissible evidence supporting these claims, they were properly dismissed." *Id*. Therefore, even though the reason for the dismissal of Currin's two unaddressed claims is unknown, we can affirm the district court's order if these claims can be properly dismissed by reasons articulated in the State's motion for summary dismissal. However, if the two unaddressed claims cannot be properly dismissed by reasons provided by the State's motion for summary dismissal, then we must reverse because Currin was not given notice and an opportunity to be heard.

Currin claims that one of the State's witnesses was forced to testify because police told her if she did not testify she could be charged with a crime. Currin claims to have received two letters from the witness, one of which stated, "Dan I know that you did not do that to my boys." Currin did not attach the letters, or an affidavit from the witness, or any additional evidence

---

[2] We will not entertain Currin's argument that the State's motion was "vague" as the sufficiency of the notice was not raised in the district court. *See DeRushé*, 146 Idaho at 602, 200 P.3d at 1151.

6

supporting this allegation, or provide any reason why such evidence was not attached. In fact, he claims that if provided with the requisite prior notice, the witness might come forward with an affidavit concerning her testimony. However, although it is unknown on what basis the district court dismissed the claim, Currin did have notice of the grounds upon which dismissal was sought from the State's motion and, in advance of the court's ruling, was required to come forward with evidence in response or risk dismissal.

The State's motion for summary dismissal articulates that the "petition is not supported by evidence" as a reason for summary dismissal. Idaho Code § 19-4903 states that "[a]ffidavits, records, or other evidence supporting [the petition's] allegations shall be attached to the application or the application shall recite why they are not attached." We have held that petitions that do not have such affidavits, records, or other evidence attached, and give no explanation as to why they are not attached, are unsupported allegations. *Nielson v. State*, 121 Idaho 779, 780, 828 P.2d 342, 343 (Ct. App. 1992); *Baruth*, 110 Idaho at 159, 715 P.2d at 372. Such unsupported allegations entitle the court to summarily dispose of the application for post-conviction relief. *Nielson*, 121 Idaho at 780, 828 P.2d at 343. Because Currin's claim that police forced one of the State's witnesses to lie is not supported by evidence, and Currin does not provide an explanation as to why no evidence is attached, summary dismissal of the claim on the ground for which notice was given was proper.

The second claim the district court did not specifically address, when it granted the State's motion for summary judgment, is that Currin's initial counsel was ineffective by not reviewing the PSI with him prior to the sentencing hearing. Currin states that when he appeared for a special appointment to review the PSI with his initial counsel, he was informed counsel was not in the office, but was given an opportunity to review the report on his own. Currin asserts he did not understand the PSI. Thus, he claims he never had an opportunity to review the PSI prior to being sentenced.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). Claims alleging ineffective assistance of counsel are evaluated under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong mandates that the petitioner show that his counsel's performance was deficient. *Id*. at 687. Deficient performance is when counsel's behavior falls below an objective standard of

7

reasonableness. *Workman v. State*, 144 Idaho 518, 525, 164 P.3d 798, 805 (2007) (citing *Strickland*, 466 U.S. at 687). There is a strong presumption that counsel's performance is within the range of reasonable professional assistance, and the petitioner bears the burden of proving counsel's ineffectiveness. *Ray v. State*, 133 Idaho 96, 101, 982 P.2d 931, 936 (1999) (citing *Strickland*, 466 U.S. at 689).

The second prong requires the appellant to show that the deficient performance prejudiced the appellant or, in other words, that there is a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687. It is not enough for the appellant to simply show that his counsel's performance might have been better and might have contributed to his conviction. *Id*. The appellant must show actual prejudice as a result of his counsel's ineffective assistance. *Id*. In order to avoid summary dismissal, a post-conviction claim of ineffective assistance of counsel must allege sufficient facts under both parts of the test. *Hill v. Lockhart*, 474 U.S. 52, 59.

The United States Supreme Court has stated that:

> The standards do not establish mechanical rules; the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. A court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.

*Strickland*, 466 U.S at 670.

If Currin has not provided evidence of prejudice by his counsel's alleged deficiencies, then we need not determine if his counsel's performance was deficient.[3]

---

[3] Of course the purpose of disclosure of the contents of the PSI to the defendant prior to sentencing is to allow the defendant and his attorney a full opportunity to examine the PSI so that the defendant may explain and defend adverse matters therein. *State v. Greenawald*, 127 Idaho 555, 903 P.2d 144 (Ct. App. 1995). Currin complains that his initial attorney never reviewed the PSI with him, but is silent as to whether his second attorney reviewed the report with him. It is unclear the extent to which Currin's new attorney reviewed the PSI with him, although the new attorney did, in fact, point out certain items to the district court at sentencing, that he and Currin had discovered in their brief review. Currin's new attorney acknowledged that he had not specifically gone through the psychosexual report with Currin until the morning of the sentencing hearing, but did not say that they had not reviewed the PSI. At the sentencing hearing, Currin stated he had "briefly gotten to look at part of the presentence investigation. . . ."

To meet the second prong of *Strickland*, Currin must provide evidence that he was prejudiced by his counsel's deficient performance. In other words, Currin must show a reasonable probability that had his attorney reviewed the PSI with him, the result of the sentencing would have been different. Currin does not present any reason or evidence of how reviewing the PSI could have changed the outcome of his sentencing hearing. To show prejudice, Currin must not only show errors in the PSI, but also that if these errors would have been brought to the district court's attention, then a reasonable probability exists that his sentence would be different. Currin has not shown any errors in the PSI and, thus, failed to establish a genuine issue of material fact as to the second prong of *Strickland*. In fact, he claims that if provided with the requisite prior notice, "he might come forward with an affidavit or other evidence explaining what information in the PSI is false or incorrect and establishing the true facts." Again, however, the fact that the district court's basis for dismissal is unclear does not change the fact that Currin was provided with notice from the State's motion, in advance of the court's ruling, to come forward with just such evidence or risk dismissal. Thus, summary dismissal of Currin's claim that his counsel was ineffective for failing to review the PSI with him prior to sentencing on the ground for which notice was given by the State was proper.

### III.

### CONCLUSION

While the district court did not specifically address any basis for dismissal of two of Currin's claims, the claims are properly dismissed by the grounds set out in the State's motion for summary dismissal. Accordingly, we affirm the district court's order summarily dismissing Currin's application for post-conviction relief.

Judge GUTIERREZ and Judge MELANSON, **CONCUR.**

---

Although Currin's initial counsel may not have reviewed the PSI with Currin, that counsel was replaced before the sentencing hearing. The record is not detailed enough to determine if Currin's new counsel's performance was deficient.

9