# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48632

| | |
|---|---|
| GUY ROGER BRACALI GAMBINO, aka GUY ROGER BRACALI-GAMBINO, | ) ) ) |
| | ) Filed: August 31, 2022 |
| | ) |
| | ) Melanie Gagnepain, Clerk |
| Petitioner-Appellant, | ) |
| | ) THIS IS AN UNPUBLISHED |
| v. | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| STATE OF IDAHO, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

Guy Roger Bracali Gambino, aka Guy Roger Bracali-Gambino, appeals from the judgment dismissing his amended petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Gambino pled guilty to possession, introduction, or removal of certain articles into or from correctional facilities for attempting to sharpen a plastic spoon into a weapon he allegedly intended to use to harm himself while incarcerated at the Ada County jail. This Court (in an unpublished opinion) affirmed Gambino's judgment of conviction and sentence and the trial court's orders

1

relinquishing jurisdiction and denying Gambino's I.C.R. 35 seeking a sentence reduction. *State v. Gambino*, Docket No. 45885 (Ct. App. Dec. 18, 2018)

During the pendency of Gambino's direct appeal from the order relinquishing jurisdiction in the underlying criminal case, he filed a pro se petition for post-conviction relief. The district court dismissed Gambino's pro se petition without prejudice, indicating that he could file an amended petition within one year of the termination of his direct appeal. Within that time, Gambino filed an amended petition with the aid of appointed counsel, asserting various allegations of ineffective assistance of counsel. As relevant to this appeal, Gambino alleged that his trial counsel: (1) coerced Gambino's guilty plea, in part, by promising to file a civil lawsuit against Ada County for supplying the spoon he attempted to sharpen into a weapon; (2) provided erroneous legal advice regarding Idaho's persistent violator sentencing enhancement; and (3) failed to investigate two jail inmates who offered to testify that "sharpened spoons . . . were not taken out of circulation" in the jail.

Subsequently, the district court notified Gambino of its intent to dismiss his amended petition unless he addressed certain deficiencies in the petition within twenty days. After Gambino responded by submitting a supplementary affidavit along with two additional affidavits from the inmates trial counsel allegedly failed to investigate, the district court summarily dismissed the three allegations identified above and ordered an evidentiary hearing on Gambino's remaining allegations of ineffective assistance of counsel. Following an evidentiary hearing, the district court dismissed Gambino's remaining allegations. Gambino appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Gambino argues the summary dismissal of the three allegations of ineffective assistance of counsel was error because he established an issue of material fact on each.[1]  The State responds that summary dismissal of each allegation was proper because they were conclusory, disproven by the record, or lacked sufficient evidentiary support.[2]  We hold that Gambino has failed to show error in the district court's summary dismissal decision.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act.  *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992).  To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988).  Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial.  *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).  This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation.  *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

---

[1]  The district court's dismissal of Gambino's allegations that went to an evidentiary hearing is not at issue in this appeal.

[2]  As noted in the State's brief, it is unclear whether Gambino's original petition or his amended petition were timely filed.  However, because the district court dismissed Gambino's original pro se petition without prejudice and expressly permitted Gambino to file a petition within one year of the resolution of his appeal from the order relinquishing jurisdiction (without limitation in relation to whether the claims would be considered timely under the applicable law), the State has not raised a statute of limitation defense.

**A.     Coerced Plea Claim**

Gambino contends that the district court erred by summarily dismissing the allegation that his guilty plea was coerced, in part, by his trial counsel's promise to file a civil lawsuit against Ada County for providing him with the spoon he attempted to sharpen into a weapon. The district court's notice of intent to dismiss notified Gambino that this claim was subject to summary dismissal because it was belied by the record. Specifically, the district court observed that:

> During the guilty plea hearing, the Court asked [Gambino] if he felt that he was "being pressured or coerced into entering a guilty plea." [Gambino] indicated under oath that he was not. In fact, during that hearing, [Gambino] also stated he was "more confident with his attorney than he'd been with public defenders." [Gambino] also indicated he understood that he was not required to accept a plea agreement, that he was not required to enter a guilty plea, that the plea agreement was acceptable to him, the plea agreement on the record represented the entirety of that agreement and that he wanted to plead guilty.
> In the Guilty Plea Advisory Form, [Gambino] answered "no" when asked if any other promises had been made to him to influence his decision to plead guilty. Additionally, his response indicated that he understood that no one could force him to plead guilty, and he acknowledged that he was pleading guilty "freely and voluntarily."

(Footnotes and brackets omitted). The district court reasoned that Gambino's statements during the guilty plea hearing and responses on the guilty plea advisory form disproved "his assertion that trial counsel made promises other than those included in the plea agreement." Accordingly, the district court notified Gambino that the claim was subject to summary dismissal.

In response to the district court's notice, Gambino asserted that his guilty plea "was not knowingly, intelligently, and voluntarily entered" because "misadvice tendered by counsel was the primary inducement in his relinquishment of his right to trial." In support of this argument Gambino cited *Hill v. Lockhart*, 474 U.S. 52 (1985), for the proposition that a guilty plea entered upon the legal advice of trial counsel falling below "the range of competence demanded of attorneys in criminal cases" is constitutionally deficient. Gambino averred in a supplemental affidavit filed with his written response to the district court's notice of intent to dismiss that, when he indicated he wished to "pull back" his guilty plea, trial counsel became agitated and repeated that "he would appeal the case, the case would be overturned on appeal, and he would file a lawsuit because [the County] was responsible for 'putting the spoon in [Gambino's] hands.'" According to Gambino, trial counsel indicated that "he was 100% sure" an appeal would be successful.

4

Consequently, Gambino asserted that the record shows "he would not have pleaded guilty in the absence of the erroneous advice of counsel coupled with the promises of a civil suit thereafter."

The district court determined Gambino was entitled to an evidentiary hearing on the allegation that trial counsel promised "a guaranteed appeal result," reasoning that such a promise fell "outside the standards for competent counsel" and Gambino allegedly "would not have pled guilty but for this promise." Unlike the allegation that trial counsel promised success on appeal, however, the district court observed that "Gambino did not respond" to the notice of intent to dismiss "with any argument regarding counsel's statements related to a civil lawsuit." Consequently, the district court dismissed Gambino's allegation that his trial counsel rendered ineffective assistance by promising to file a civil lawsuit.

Gambino faults the district court for summarily dismissing his allegation related to the promise of a civil lawsuit because he contends he "*did* respond to the notice relating" to that allegation. In support of this argument, Gambino cites the following statement from his written response to the district court's notice of intent to dismiss:

> It was trial counsel's affirmative misadvice regarding [Gambino's] guaranteed success on appeal in overturning his conviction, coupled with the prospect of a civil suit following his plea, that [he] acceded to trial counsel's pressure to plead guilty.

Gambino's argument is meritless for at least two reasons. First, the civil lawsuit allegation was not summarily dismissed because Gambino did not respond to the district court's notice of intent to dismiss at all. Rather, the district court summarily dismissed the allegation because Gambino did not respond to the notice of intent to dismiss with any *argument* supporting the allegation. That is, unlike the allegation related to trial counsel's alleged promise of a successful appeal, Gambino did not respond with argument showing why the civil lawsuit allegation was not subject to summary dismissal for the reasons contained in the district court's notice of intent to dismiss. Second, both before the district court and this Court on appeal, Gambino has failed to present cogent argument or legal authority showing why his "response," which is substantively synonymous with the conclusory allegation presented in his amended petition, precluded summary dismissal of the civil lawsuit allegation. For example, Gambino does not argue that the alleged promise to file a civil lawsuit, in which his trial counsel indicated Gambino *might* recover damages, somehow constituted erroneous legal advice. An appellant forfeits issues unsupported by cogent

5

argument or relevant legal authority. *Passons v. State*, 168 Idaho 668, 675, 485 P.3d 164, 171 (Ct. App. 2020). Consequently, Gambino has forfeited any claim of error in the summary dismissal of the allegation that trial counsel was ineffective by promising to file a lawsuit on Gambino's behalf.

**B.     Persistent Violator Claim**

Gambino contends that it was error to summarily dismiss his allegation that trial counsel was ineffective because he "affirmatively misadvised" Gambino regarding the parameters of Idaho's persistent violator sentencing enhancement. Gambino's amended petition alleged that, to assuage his concerns over future application of Idaho's persistent violator sentencing enhancement, his trial counsel erroneously advised that the enhancement applied only to those convicted of the same felony three times, not those convicted of any three felonies.[3] The district court summarily dismissed this allegation because Gambino "did not provide any reason why a commission of a possible future crime that might trigger persistent violator charges would influence his decision to plead guilty in this case." The district court observed in its notice of intent to dismiss that a conviction for the underlying criminal charge did not expose Gambino to enhanced penalties for being a persistent violator as he had no prior felony convictions. In light of this, the district court reasoned that Gambino's "mere conclusory statement that [he] was concerned about committing future felonies" was insufficient, standing alone, "to show a valid claim that his decision to plead guilty in this case depended upon whether the persistent violator statute would apply only after" three convictions for the same felony offense. That is, Gambino failed to establish a genuine issue regarding whether trial counsel's allegedly erroneous advice was prejudicial as *Strickland* requires. *See Strickland*, 466 U.S. at 687-88. Consequently, the district court summarily dismissed the allegation.

---

[3]     Idaho Code Section 19-2514 authorizes enhanced penalties for those convicted of a third felony, providing:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

6

According to Gambino, he was entitled to an evidentiary hearing on this allegation because he claimed "special circumstances that would support the conclusion that he placed particular emphasis on the potential" future application of the persistent violator enhancement. As previously stated, in order to satisfy the prejudice prong of *Strickland*, a petitioner convicted upon a guilty plea must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Plant*, 143 Idaho at 762, 152 P.3d at 633. This requires a petitioner convicted after a guilty plea to convince the court that rejecting the plea bargain "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

Although Gambino averred in the supplemental affidavit submitted with his response to the district court's notice of intent to dismiss that "the Persistent Violator was a deal breaker," he did not allege facts supporting this conclusory assertion. Notably, the persistent violator sentencing enhancement did not apply in Gambino's underlying criminal case. The district court indicated this in its notice of intent to dismiss as Gambino had no prior felony convictions. Thus, Gambino would need to be convicted of two more felonies in the future to become subject to a persistent violator enhancement. *See* I.C. § 19-2514. However, Gambino did not allege that he planned to (or for some reason inevitably would) commit two additional felonies in the future or that he had previously engaged in heretofore undetected criminal conduct that could result in two felony convictions if discovered. Moreover, Gambino benefited from his plea agreement as it bound the State to recommend a period of retained jurisdiction, despite his history of disciplinary issues while in custody at the Ada County jail. Gambino's bare, conclusory assertion that he relied upon trial counsel's allegedly erroneous interpretation of Idaho's persistent violator sentencing enhancement is insufficient to entitle him to an evidentiary hearing on the allegation. *See West v. State*, 123 Idaho 250, 252, 846 P.2d 252, 254 (Ct. App. 1993) (observing that a petitioner is not entitled to an evidentiary hearing on conclusory allegations without supporting facts). Gambino has failed to show error in the summary dismissal of the allegation that trial counsel was ineffective by giving erroneous advice regarding Idaho's persistent violator sentencing enhancement.

## C.     Failure to Investigate Witnesses Claim

Gambino's amended petition alleged that trial counsel was ineffective by failing to investigate two witnesses who allegedly would have "provided evidence of a defense that the

7

spoon possessed by [Gambino] was not altered and was provided to [him] by the jail." In response to the district court's notice of intent to dismiss, Gambino submitted affidavits from two individuals who were incarcerated with him in the Ada County jail. One individual averred that inmates housed in the "medical wing," as Gambino was, should have received a paper spork instead of a plastic spoon. Both individuals averred that sharpened plastic utensils circulated within the jail without being removed and were placed in inmate bed rolls while Gambino was incarcerated there. The district court observed that the anticipated witness testimony would not have changed trial counsel's advice to plead guilty because Gambino admitted attempting to sharpen a spoon to his counsel. Because the attempted sharpening was the basis for his conviction, the district court summarily dismissed Gambino's allegation of ineffective assistance of counsel for failure to investigate the witnesses.

When the allegedly deficient performance of counsel is a failure to investigate or discover potentially exculpatory evidence, whether the petitioner was prejudiced depends upon whether the evidence would have changed counsel's plea recommendation. *Hollon v. State*, 132 Idaho 573, 578, 976 P.2d 927, 932 (1999). The outcome of this inquiry depends largely upon the likelihood the evidence would have changed the outcome of a trial. *Id.* Gambino does not expressly contend that the testimony of the two witnesses he allegedly "disclosed"[4] to trial counsel would have changed the outcome of a trial. Rather, Gambino argues that his "possession of a spoon with a roughened handle would not necessarily constitute guilt of possession of contraband" because two witnesses were willing to testify that "already sharpened spoons were in regular circulation within the jail," and this would have "encouraged [Gambino] and his counsel to try the case to a jury." According to Gambino, it is "highly likely" trial counsel "would have encouraged [Gambino] to proceed to trial on such a weak case." We disagree.

Gambino presents neither cogent argument nor legal authority to support his conclusory assertion that the presence of sharpened spoons circulating within the jail could serve as a defense

---

[4]     Neither Gambino's amended petition for post-conviction relief nor his supplemental affidavit submitted in response to the district court's notice of intent to dismiss indicate precisely what he disclosed to trial counsel about the two proposed witnesses or when the alleged disclosure took place.

to a charge of possession, introduction, or removal of certain articles into or from correctional facilities. Even if Gambino's argument was correct, trial counsel's alleged failure to investigate the two witnesses would not be prejudicial. In summarily dismissing the allegation that trial counsel's investigation was inadequate, the district court noted that Gambino's attempt to *sharpen* the spoon, regardless of its condition upon entering his possession, violated I.C. § 18-2510(3)(c). Gambino's amended petition alleges that he admitted attempting to sharpen the spoon to his trial counsel. A police report contained in Gambino's presentence materials indicates that jail staff observed Gambino on his hands and knees in his jail cell attempting to "grind a plastic jail-issued spoon into a sharp, pointed weapon."[5] We cannot say that the proposed testimony of the witnesses Gambino allegedly disclosed to trial counsel holds sufficient potential of acquittal for Gambino to generate a genuine issue regarding whether the evidence would have changed trial counsel's plea recommendation. Gambino has failed to show error in the summary dismissal of his allegation that trial counsel was ineffective for failing to investigate the witnesses Gambino allegedly disclosed.

## IV.

## CONCLUSION

Gambino has failed to show error in the district court's decision to summarily dismiss his allegations of ineffective assistance of trial counsel. Accordingly, the judgment dismissing Gambino's amended petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

---

[5] Gambino moved the district court to augment the record with a copy of his presentence investigation report from the underlying criminal case, and his motion was granted. It is unclear, however, whether the document was ever admitted into evidence in the district court.